UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| FOSTER ALDERMAN, as Guardian Ad Litem for O.S.A., a minor child,<br><br>Plaintiff,<br><br>vs.<br><br>EVOLUTION POWER SPORTS, LLC,<br><br>Defendant. | 1:22-cv-01005-CBK<br><br>**ANSWER** |

As to the Complaint filed by Plaintiff, Foster Alderman, as Guardian Ad Litem for O.S.A., a minor child ("Plaintiff"), Defendant, Evolution Power Sports, LLC ("Defendant"), denies each and every allegation unless hereinafter specifically admitted, qualified, or explained, and further states as follow:

1. Regarding the allegations contained in Paragraph 1 of the Complaint, Defendant admits the applicable law is codified as alleged, and further admits that this Court has jurisdiction to hear this Complaint and adjudicate the claims stated herein.

2. Upon information and belief, Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Upon information and belief, Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Regarding the allegations contained in Paragraph 6 of the Complaint, Defendant admits that Plaintiff's Charge of Discrimination was timely filed and that a Notice of Right to Sue

1

was issued on January 25, 2022. Defendant is without sufficient information to know when Plaintiff received the Notice of Right to Sue and therefore remits Plaintiff to strict proof thereof.

7. Regarding the allegations contained in Paragraph 7 of the Complaint, Paragraph 7 states a legal conclusion, not a factual averment, and should not require a response. To the extent a response is required, the identified statute speaks for itself.

8. Regarding the allegations contained in Paragraph 8 of the Complaint, Defendant admits that venue it proper.

9. Regarding the allegations contained in Paragraph 9 of the Complaint, Defendant disputes that O.S.A was hired as a laborer in the mechanical department and affirmatively alleges that O.S.A. was hired as a lot porter for Defendant.

10. Regarding the allegations contained in Paragraph 10 of the Complaint, Defendant admits that O.S.A. was 16 years old when hired by Defendant, but denies that O.S.A. was hired to work an 8:00 a.m. -5:00 p.m. shift for Defendant. Defendant affirmatively alleges that O.S.A. was hired to work 9:00 a.m. to 5:30 p.m.

11. Regarding the allegations contained in Paragraph 11 of the Complaint, Defendant admits that certain employees of Defendant were aware that O.S.A. was able to work during the day because he was attending school online. Defendant is without sufficient information to admit if O.S.A. was a very good student and this was not discussed between Defendant and O.S.A.

12. Regarding the allegations contained in Paragraph 12 of the Complaint, Defendant denies that O.S.A. consistently performed his job duties in a manner that met Defendant's expectations and affirmatively alleges that O.S.A. received repeated reminders to stay on task at work.

13. Regarding the allegations contained in Paragraph 13 of the Complaint, Defendant denies that policies and procedures regarding reporting sexual harassment were not addressed with O.S.A. and affirmatively provides that O.S.A. received Defendant's Employee Handbook after being hired by Defendant.

14. Regarding the allegations contained in Paragraph 14 of the Complaint, Defendant denies the allegations contained therein and remit Plaintiff to strict proof thereof.

15. Regarding the allegations contained in Paragraph 15 of the Complaint, Defendant is without sufficient information to admit the allegations contained therein and therefore must deny the same and remit Plaintiff to strict proof thereof.

16. Regarding the allegations contained in Paragraph 16 of the Complaint, Defendant is without sufficient information to admit the allegations contained therein regarding the conversations between O.S.A. and Employee A, and therefore Defendant must deny the same and remit Plaintiff to strict proof thereof.

17. Regarding the allegations contained in Paragraph 17 of the Complaint, Defendant is without sufficient information to admit the allegations contained therein and therefore must deny and remit Plaintiff to strict proof thereof.

18. Regarding the allegations contained in Paragraph 18 of the Complaint, Defendant is without sufficient information to know about the timing of any communication between Employee A and O.S.A., nor does Defendant know the content of those conversations. Regarding the remainder of the allegations contained in Paragraph 18 of the Complaint, Defendant admits that on or about March 9, 2021, O.S.A.'s mother and O.S.A. reported alleged issues with Employee A.

19. Regarding the allegations contained in Paragraph 19 of the Complaint, Defendant denies the summary of the employment actions taken by Defendant involving O.S.A and Employee A. Defendant affirmatively alleges that O.S.A. and Employee were put on administrative leave beginning March 9, 202. The purpose of the administrative leave was to allow Defendant to investigate the allegations being made by O.S.A.

20. Regarding the allegations contained in Paragraph 20 of the Complaint, Defendant is without sufficient information to admit the allegations contained therein and remit Plaintiff to strict proof thereof.

21. Regarding the allegations contained in Paragraph 21 of the Complaint, Defendant is without sufficient information to admit the allegations contained therein. Defendant admits that Plaintiff and O.S.A. informed Defendant that a police report was filed or being filed against Employee A, but the substance of that report is not known to Defendant. Accordingly, Defendant remit Plaintiff to strict proof of the allegations contained in Paragraph 21.

22. Regarding the allegations contained in Paragraph 22 of the Complaint, Defendant denies that Defendant had a conversation with O.S.A. on or about March 11, 2021, about his return to work. Defendant affirmatively alleges that on or about March 15, 2021, Defendant discussed O.S.A.'s return to work with him and discussed the steps Defendant was taking to ensure that Defendant respected O.S.A.'s concerns.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint and remit Plaintiff to strict proof thereof.

24. Regarding the allegations contained in Paragraph 24 of the Complaint, on or about March 16, 2021, Defendant admits that Employee A informed Defendant that Employee A's

4

attorney made him aware that O.S.A. was pursing legal action against him. Defendant further admits that Employee A resigned his employment with Defendant effective March 16, 2021.

25. Regarding the allegations contained in Paragraph 25 of the Complaint, Defendant admits that O.S.A. continued to work for Defendant after March 16, 2021. Defendant denies the remaining allegations contained in Paragraph 25 of the Complaint and remit Plaintiff to strict proof thereof.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint and remit Plaintiff to strict proof thereof.

27. Regarding the allegations contained in Paragraph 27 of the Complaint, Defendant denies that O.S.A. was fired on March 29, 2021, and affirmatively provides that O.S.A.'s position was terminated on April 29, 2021.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint and remit Plaintiff to strict proof thereof.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint and remit Plaintiff to strict proof thereof.

30. Regarding the allegations contained in Paragraph 30 of the Complaint, Defendant admits that Employee A was re-hired by Defendant on or about May 6, 2021, but denies the reasons as set forth in Plaintiff's Complaint and remit Plaintiff to strict proof thereof.

31. Regarding the allegations contained in Paragraph 31 of the Complaint, Defendant admits that Employee A was re-hired by Defendant on a full-time basis.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint and remit Plaintiff to strict proof thereof.

33. Paragraph 33 of the Complaint incorporates Paragraphs 1-32 of the Complaint and requires no response.

34. Regarding the allegations contained in Paragraph 34 of the Complaint, Paragraph 34 states a legal conclusion, not a factual averment, and should not require a response. To the extent a response is required, the identified statute speaks for itself.

35. Defendant denies the allegations contained in Paragraphs 35, 36, and 37 of the Complaint and remit Plaintiff to strict proof thereof.

36. Paragraph 38 of the Complaint incorporates Paragraphs 1-37 of the Complaint and requires no response.

37. Regarding the allegations contained in Paragraph 39 of the Complaint, Paragraph 39 states a legal conclusion, not a factual averment, and should not require a response. To the extent a response is required, the identified statute speaks for itself.

38. Defendant denies the allegations contained in Paragraphs 40, 41, 42, 43, 44, 45, 46 and 47 of the Complaint and remit Plaintiff to strict proof thereof.

39. Paragraph 48 of the Complaint incorporates Paragraphs 1-47 of the Complaint and requires no response.

40. Regarding the allegations contained in Paragraph 49 of the Complaint, Paragraph 49 states a legal conclusion, not a factual averment, and should not require a response. To the extent a response is required, the identified statute speaks for itself.

41. Defendant denies the allegations contained in Paragraphs 50, 51, and 52 of the Complaint and remit Plaintiff to strict proof thereof.

42. Paragraph 53 of the Complaint incorporates Paragraphs 1-52 of the Complaint and requires no response.

43. Regarding the allegations contained in Paragraph 54 of the Complaint, Paragraph 54 states a legal conclusion, not a factual averment, and should not require a response. To the extent a response is required, the identified statute speaks for itself.

44. Defendant denies the allegations contained in Paragraphs 55, 56, 57, 58, 59, 60, 61, 62, and 63 of the Complaint and remit Plaintiff to strict proof thereof.

## AFFIRMATIVE DEFENSES

45. Plaintiff's Complaint fails to state a claim against the Defendant.

46. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

47. Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver and estoppel.

48. Plaintiff's claims are barred, in whole or in part, by unclean hands.

49 Plaintiff's claims are barred by business necessity and public interest.

50. Plaintiff's claims are barred, in whole, or in part, by unreasonably failing to take advantage of the employer's preventative measures and policies.

51. Plaintiff's claims are barred in whole, or in part, by failure to exhaust administrative remedies.

52. Plaintiff's claims are barred in whole, or in part, by his at-will employment status.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Defendant be awarded its costs and disbursements; and

3. That the Court enters such other and further relief as it deems reasonable and just.

Dated this 23rd day of May 2022.

                        /s/     *Laura K. Hensley*
                        Laura K. Hensley
                        BOYCE LAW FIRM, L.L.P.
                        300 South Main Avenue
                        P.O. Box 5015
                        Sioux Falls, SD 57117-5015
                        (605) 336-2424
                        lkhensley@boycelaw.com
                        Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I, Laura K. Hensley, hereby certify that I am a member of the Boyce Law Firm, L.L.P., and that on the 23rd day of May 2022, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

    Stephanie E. Pochop
    Stephanie@rosebudlaweyers.com

    Gavin Pochop
    Gavin@rosebudlawyers.com

                        /s/     *Laura K. Hensley*
                        Laura K. Hensley